UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**KEVIN HIGGINS**                                                                                    **PLAINTIFF**

v.                                                                  **CIVIL ACTION NO. 4:21-cv-P40-JHM**

**JOHNATHAN ROONEY et al.**                                                              **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff Kevin Higgins filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983.  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  For the reasons set forth below, the Court will dismiss some claims and allow other claims to continue.

**I.**

Plaintiff is incarcerated at the Green River Correctional Center (GRCC).  He names as Defendants in their individual and official capacities Johnathon Rooney, who works in the Central Office of the Kentucky Department of Corrections (KDOC); Patrick Barnett, a GRCC case worker; GRCC Unit Administrator Damen Ellis; GRCC Deputy Warden Patrick Kessinger; and GRCC Warden Kevin R. Mazza.

Plaintiff alleges that on March 12, 2021, he was in his cell when his "bunkie came up behind me and stuck a knife to my throat and said he would kill me if I didn't get moved out of the cell when the yard opened.  And he also said that he and gang members would jump me if I came back to the cell."  Plaintiff states that, when the yard opened at 5:30 a.m., he found an officer and told him about the knife and the threats that his "bunkie" had made.  He states that he was placed in "SMHU" pending a protective custody hearing.

Plaintiff alleges that officers searched the cell and found the knife. He states that he told Defendant Barnett that he wanted to file a "conflict" on the inmate who threatened him. According to the complaint, Defendant Barnett sent the "conflict" to the Central Office where Defendant Rooney denied it. Plaintiff alleges that "therefore they both violated my right to equal protection[.]"

Plaintiff further alleges that he fears for his life around the inmate who pulled the knife and the gang members. He states that the knife-wielding inmate received nine write-ups "and I'm sure that it has my name on it . . . that places my life in danger and they want to send me back on the yard with the same inmate." He alleges that Defendants Ellis, Barnett, and Kessinger violated his right to equal protection, denied him protective custody, and denied his conflict knowing that my life is in danger. He further alleges that Defendant Mazza denied protective custody as well so "he violated the same rules."

As relief, Plaintiff requests monetary damages and to be placed in permanent protective custody.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings,

*Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*A. Official-capacity claims*

The Eleventh Amendment[1] bars damages claims against state officials, like Defendants in this action, sued in their official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985). However, Plaintiff not only seeks damages, but he also seeks prospective injunctive relief, which is not barred by Eleventh Amendment immunity against individuals in their official capacities. *See Green v. Mansour*, 474 U.S. 64, 68 (1985) (recognizing that the Supreme Court has "held that the Eleventh Amendment does not prevent federal courts from granting prospective injunctive relief to prevent a continuing violation of federal law"). Thus, the Eleventh Amendment would not bar the prospective injunctive relief claim against Defendants in their official capacity. The Court will dismiss the official-capacity claims for monetary damages.

*B. Claim against Defendant Barnett*

Plaintiff's allegations regarding this Defendant is that he told Defendant Barnett that he wanted to file a "conflict" on the inmate who threatened him and that Defendant Barnett sent it to the Central Office where Defendant Rooney denied it. Plaintiff alleges that "therefore they both violated my right to equal protection[.]" However, it appears from the complaint that Defendant Barnett did as Plaintiff asked, *i.e.*, sending the "conflict" to the Central Office, and that it was Defendant Rooney who denied it. Thus, taking the allegations of the complaint as

---

[1] "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "While the Amendment by its terms does not bar suits against a State by its own citizens, [the Supreme Court] has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

true, Plaintiff has not made specific factual allegations that would support a claim of liability against Defendant Barnett. *See, e.g.*, *Miller v. Bowers*, No. 1:16-CV-852, 2016 WL 8793104, at *3 (S.D. Ohio Sept. 1, 2016) ("[I]n the absence of specific factual allegations that would support a claim of liability . . . and in the absence of any allegations that [defendant] was involved in the alleged refusal to provide the plaintiff with medical care, plaintiff has not stated an actionable claim under § 1983[.]"), *report and recommendation adopted*, No. 1:16CV852, 2017 WL 1426481 (S.D. Ohio Apr. 21, 2017). The claim against Defendant Barnett will be dismissed.

*C. Claim regarding "equal protection"*

Plaintiff alleges that all Defendants violated his "right to equal protection." The Fourteenth Amendment's Equal Protection Clause provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "The Equal Protection Clause . . . 'is essentially a direction that all persons similarly situated should be treated alike.'" *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). Plaintiff fails to set forth any facts showing how he was treated differently from others similarly situated to him. Merely asserting that his "right to equal protection" has been violated does not state a claim because the Court is not required to accept bare legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 557).

More importantly, although Plaintiff refers to violation of his "equal protection" right, it appears to the Court that what Plaintiff is referring to is his constitutional right to be protected from harm.

In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, including directing that they must "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, a plaintiff must show that the prison officials acted with "deliberate indifference" to a substantial risk that the defendant knew would cause prisoners serious harm. *Id.* at 834; *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997).

Upon review, the Court will allow Plaintiff's failure-to-protect claim to go forward against Defendants Rooney, Ellis, Kessinger, and Mazza in their individual capacity for monetary damages and injunctive relief and in their official capacity for injunctive relief only.

### III.

For the foregoing reasons,

**IT IS ORDERED** that the official-capacity claims for monetary damages are **DISMISSED** for seeking monetary relief against Defendants immune from such relief pursuant to 28 U.S.C. § 1915A(b)(2).

**IT IS FURTHER ORDERED** that the claim against Defendant Barnett is **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk of Court is **DIRECTED** to terminate Defendant Barnett as a party to this case.

The Court will enter a separate Service and Scheduling Order to govern the development of the remaining claims.

Date: May 7, 2021

*Joseph H. McKinley Jr., Senior Judge*
*United States District Court*

cc: Plaintiff, *pro se*
    Defendants
    General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.009