UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:21-CV-00040-JHM

KEVIN HIGGINS                                                                                                                  PLAINTIFF

V.

JONATHAN ROONEY, ET. AL                                                          DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Defendants' Motion to Dismiss [DN 13-1]. Fully briefed, this matter is ripe for decision. For the following reasons, the Motion is GRANTED.

**I. BACKGROUND**

Plaintiff brings this 42 U.S.C. § 1983 action against Defendants seeking injunctive relief to be placed in protective custody. Plaintiff alleges that on March 12, 2021, when he was incarcerated at Green River Correctional Complex ("GRCC"), he was in his cell when his "bunkie came up behind me and stuck a knife to my throat and said he would kill me if I didn't get moved out of the cell when the yard opened. And he also said that he and gang members would jump me if I came back to the cell." [DN 1 at 4]. Plaintiff states that, when the yard opened at 5:30 a.m., he found an officer and told him about the knife and the threats that his "bunkie" had made. [*Id.*] He states that he was placed in "SMHU" pending a protective custody hearing. [*Id.*]

Plaintiff alleges that officers searched the cell and found the knife. He states that he told Patrick Barnett that he wanted to file a "conflict" on the inmate who threatened him. According to the complaint, Barnett sent the "conflict" to the Central Office in Frankfurt where Defendant Jonathan Rooney denied it. [*Id.* at 4–5]. Plaintiff thus alleges that Rooney violated his rights of equal protection.

Plaintiff further alleges that he fears for his life around the inmate who pulled the knife, as well as the gang members. He states that the knife-wielding inmate received nine write-ups and that he believes the write-ups mention him as the one who told the prison officials about the incident. That, according to Plaintiff, "places my life in danger and they want to send me back on the yard with the same inmate." [DN 1 at 5]. He alleges that Defendants Damen Ellis, Patrick Kessinger, and Kevin Mazza, all officials at the GRCC, denied him protective custody knowing that his life was in danger. [*Id.*].

In response to Plaintiff's conflict, Defendant Rooney recommended that he be transferred to another facility to solve the problem with the cellmate who had made the threats. [DN 18-1 at 2]. Shortly thereafter, Plaintiff was transferred from GRCC to the Western Kentucky Correctional Complex ("WKCC").

Plaintiff initially sought monetary damages in addition to injunctive relief, to be placed in permanent protective custody. [DN 1 at 6]. Defendants filed a Motion to Dismiss, arguing the monetary claim was not actionable under the Prison Litigation Reform Act, and that the injunctive claim was moot because Plaintiff was no longer incarcerated at GRCC. Plaintiff responded by maintaining his claim to be placed in permanent protective custody, even in his new facility, where he says he is still in danger from the same gang members. [DN 14]. Plaintiff did not contest Defendants' request to dismiss his damages claim. [DN 14 at 2 ("You can dismiss the monetary damages claims.")].

## II. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff[]," *League of United Latin American Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007), "accept

all well-pled factual allegations as true," *id.*, and determine whether the "complaint states a plausible claim for relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Under this standard, the plaintiff must provide the grounds for his or her entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A plaintiff satisfies this standard only when he or she "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  A complaint falls short if it pleads facts "'merely consistent with' a defendant's liability," *id.* at 678 (quoting *Twombly*, 550 U.S. at 557), or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct," *id.* at 679.  Instead, the allegations must "show[] that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. DISCUSSION

This case no longer presents a live controversy under Article III as Plaintiff is no longer incarcerated at the facility where Defendants work.  Federal courts lack the power to decide cases which, due to changed circumstances, can no longer impact the rights and interests of the litigants before them.  *See DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974).  Accordingly, the test for mootness is "whether the relief sought would, if granted, make a difference to the legal interests of the parties." *Sullivan v. Benningfield*, 920 F.3d 401, 410 (6th Cir. 2019).  The Sixth Circuit has consistently found that an inmate's claim for declaratory or injunctive relief generally becomes moot when he or she is transferred away from the institution where the underlying complaint arose. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("[T]o the extent [the plaintiff] seeks declaratory and injunctive relief his claims are now moot as he is no longer confined to the institution that searched his mail.")).

3

In this case, even if equitable relief were to be granted to Mr. Rooney, Defendants are not positioned to effectuate it. Like in *Kensu*, where the plaintiff's equitable claims about searching his mail no longer affected the defendants because plaintiff had been transferred, Mr. Higgins's claim no longer affects Defendants, as they work at a different facility than where Plaintiff currently resides. Defendant Ellis is a Unit Administrator at GRCC, Defendant Kessinger is a Deputy Warden at GRCC, and Defendant Mazza is the GRCC Warden. These individuals will not be able to control whether Plaintiff can obtain protective custody status at the WKCC, thus any prospective ruling by this Court is moot as to them. Likewise, Defendant Jonathan Rooney is without authority to unilaterally grant Plaintiff's request, as he does not sit on the committee that denied him protective custody at WKCC. [DN 18-1]. As Exhibit B of Defendants' Reply lays out, there is a process provided by the Kentucky Department of Corrections by which an inmate may request protective custody, with an initial hearing and multiple appeals. [DN 18-2].

Given that the Defendants no longer have a legally cognizable interest in the outcome of this case, Plaintiff's action is dismissed as moot. The Court does not address Plaintiff's claim for damages, as Plaintiff does not oppose Defendant's request to dismiss it.

## IV. Conclusion

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [DN 13-1] is GRANTED.

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

November 19, 2021

cc: Counsel of Record
Kevin Higgins, *pro se*

4